## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LYASIA N. ASHLEY, ADMINISTRATRIX: OF THE ESTATE OF WILLIE LEE GARY | : | |
| PLAINTIFF | : | CIVIL ACTION – LAW |
| | : | |
| V. | : | JURY TRIAL DEMANDED |
| | : | |
| ERIC BRADLEY | : | NO. _____ |
| | : | |
| CORRECTIONS OFFICER ORNER | : | |
| | : | |
| JOHN AND JANE DOE(S) I-X | : | |
| DEFENDANTS | : | |

## COMPLAINT

AND NOW, comes Plaintiff, Lyasia N. Ashley, by and through her counsel, Comerford Law, who files this Complaint, averring as follows:

### JURISDICTION AND VENUE

1. This action is brought for violations of Willie Lee Gary's rights protected by the 8th Amendment to the United States Constitution and pursuant to the Federal Tort Claims Act.

2. Jurisdiction is vested in this Court under the provisions of 28 U.S.C.A. §§ 1331 and 1343.

3. Venue is proper in the Middle District of Pennsylvania under 28 U.S.C. § 1391(b) because it is where the majority of the parties reside and/or do business and where the events complained of herein occurred.

4. This action is brought both as a Wrongful Death Action, pursuant to 42 Pa. C.S.A. § 8301, and as a Survival Action, pursuant to 42 Pa. C.S.A. § 8302, and pursuant to the applicable Pennsylvania Rules of Court, Pennsylvania Statutes, and decisional law.

1

## PARTIES

5.  Plaintiff incorporates all averments – both preceding and following the instant averment – as if set forth at length herein.

6.  Plaintiff, Lyasia N. Ashley, is an adult, competent individual who, at all times relevant to this cause of action, resided in the Eastern District of New York.

7.  On September 8, 2022, Plaintiff was named Administratrix of the Estate of Willie Gary ("Decedent") via Letters of Administration issued by the Wayne County Register of Wills.

8.  Plaintiff brings this action both individually and in her capacity as Administratrix of Decedent's Estate.

9.  Prior to his death on September 28, 2021, Decedent was an adult, competent individual incarcerated at the Federal Correctional Institute at Canaan ("the Prison") in the Middle District of Pennsylvania.

10. Defendant, Eric Bradley ("Defendant Bradley"), was, at all times relevant to this Complaint, the Warden of the Prison and was acting under color of state law in the scope of his employment as an employee of the United States of America.

11. Defendant, Corrections Officer Orner ("Defendant Orner"), was, at all times relevant to this Complaint, a corrections officer at the Prison and was acting under color of state law in the scope of his employment as an employee of the United States of America.

12. Defendants, John and Jane Doe(s) I-X, were, at all times relevant to this Complaint, corrections officers or other workers at the Prison and were acting under color of state law in the scope of their employment as employees of the United States of America. These Defendants are individuals who knew of the danger other inmates on his block posed to Decedent and/or knew that Decedent was in need of medical attention and acted and/or failed to act despite that knowledge.

13. The Defendants acted willfully, deliberately, maliciously, and/or with reckless disregard for Decedent's Constitutional and other legal rights.

2

14. Defendants engaged in the aforesaid conduct for purposes of violating Defendant's Constitutional rights.

**FACTS**

15. Plaintiff incorporates all averments – both preceding and following the instant averment – as if set forth at length herein.

16. In and around September 2021, Decedent was an incarcerated inmate at the Prison.

17. At some point on the morning of September 28, 2021, Decedent was the victim of a physical altercation with another inmate that left decedent incoherent.

18. At approximately 7:30 a.m. Decedent entered a cell near his that did not belong to him.

19. This was captured on video surveillance and was viewed live at the time it occurred by John and Jane Doe(s) and/or Defendant Orner.

20. Decedent never left the cell alive, as was also witnessed by John and Jane Doe(s) and/or Defendant Orner.

21. Shortly after entering the cell, Decedent collapsed and became unconscious, requiring immediate medical assistance.

22. At approximately this time, an alarm was triggered indicating to John and Jane Doe(s) and/or Defendant Orner that an inmate was in need of medical assistance.

23. Neither John and Jane Doe(s), Defendant Orner, nor any employees of the Prison came to render aid for three hours.

24. At 10:30 a.m. John and Jane Doe(s) and/or Defendant Orner were conducting block checks and discovered Decedent dead in that cell, having not exited since he entered at 7:30 a.m.

25. At that time, Decedent had been dead for an extended period of time as his body was already in rigor mortis.

26. At some point between 7:30 and 10:30 – likely closer to 7:30 due to the rigor mortis – Decedent suffered cardiac arrest.

27. Decedent was found with bruises above both eyes, multiple facial and oral lacerations, abrasions, and ecchymoses, and upper-extremity abrasions, evidencing that he had been severely beaten by at least one other inmate.

28. Decedent died from cardiopulmonary arrest subsequent to a physical assault.

29. Prison policy called for corrections officers to conduct rounds at multiple times between 7:30 and 10:30 a.m., at which point discovery of Decedent and his condition would have been inevitable.

30. The John and Jane Doe corrections officers on duty at the time and/or Defendant Orner did not conduct any of these rounds, causing Decedent's death.

31. The actions of all Defendants were undertaken knowingly, intentionally, negligently, recklessly, maliciously, and/or with reckless disregard for Defendant's safety.

32. The actions of all Defendants were undertaken in the absence any valid legal basis.

33. As a result of the foregoing, Decedent suffered injuries including, but not limited to, death, physical pain and suffering, emotional pain and suffering, and lost wages.

34. Plaintiff and Decedent's heirs suffered damages including, but not limited to, emotional pain and suffering and loss of consortium.

### Count One
### *Bivens* Action
### Violation of the Eighth Amendment to the United States Constitution
### Failure to Provide Medical Treatment for Decedent's Serious Medical Needs
### Plaintiff v. Defendant Orner and John and Jane Doe(s) I-X

35. Plaintiff incorporates all averments – both preceding and following the instant averment – as if set forth at length herein.

36. Defendants were aware that Decedent suffered from a serious medical condition and was in need of urgent care.

37. Despite this knowledge, Defendants allowed Decedent to remain unconscious and dying on the floor of a cell for three hours.

38. Defendants acted with deliberate indifference toward and deprived Decedent of his Eighth Amendment Right to have his serious medical needs treated, causing Decedent damages including, but not limited to, death.

WHEREFORE, Plaintiff requests Judgment in her favor and damages including but not limited to, compensatory damages, punitive damages, damages for physical and emotional pain and suffering, loss of consortium, lost wages, attorney's fees, costs, and any other damages available under the law.

**Count Two**
**_Bivens_ Action**
**Violation of the Eighth Amendment to the United States Constitution**
**Failure to Protect Decedent**
**Plaintiff v. Defendant Orner and John and Jane Doe(s) I-X**

39. Plaintiff incorporates all averments – both preceding and following the instant averment – as if set forth at length herein.

40. Defendants were aware that Decedent was in danger of attack from his fellow inmates.

41. Despite this knowledge, Defendants failed to take any action to protect Decedent.

42. Defendants acted with deliberate indifference toward and deprived Decedent of his Eighth Amendment Right to be free from cruel and unusual punishment and to be protected while incarcerated, causing Decedent damages including, but not limited to, death.

WHEREFORE, Plaintiff requests Judgment in her favor and damages including but not limited to, compensatory damages, punitive damages, damages

5

for physical and emotional pain and suffering, loss of consortium, lost wages, attorney's fees, costs, and any other damages available under the law.

**Count Three**
***Bivens* Action**
**Violation of the Eighth Amendment to the United States Constitution**
**Failure to Protect Decedent**
**Plaintiff v. Defendant Bradley**

43. Plaintiff incorporates all averments – both preceding and following the instant averment – as if set forth at length herein.

44. Defendant Bradley is the chief policymaker at the Prison.

45. Defendant had the responsibility to establish policy for the Prison.

46. Defendant Bradley failed to implement and maintain legal, effective policies; ratified and tolerated improper policies, procedures, and customs; failed to obtain training himself; and failed to send his subordinates for training relating to the protection of and provision of medical treatment for inmates.

47. Plaintiff believes and therefore avers that the need for such training and supervision under the circumstances described in the body of this Complaint was obvious.

48. The need for training was particularly obvious to Defendant given the prior long history of inmate upon inmate violence at the Prison.

49. By the actions and omissions described above, Defendant established and maintained policy which directly caused harm to Decedent with deliberate indifference to consequences.

50. These policies and/or customs evidenced a reckless or callous indifference to the federally protected rights of Decedent.

51. Defendant knew the policies he was setting and maintaining created an unreasonable risk of a constitutional violation.

52. Defendant was deliberately indifferent to that risk.

6

53. As a direct and proximate result of Defendant's conduct, committed under color of state law, Decedent was deprived of his rights under the 8th Amendment to the United States Constitution.

WHEREFORE, Plaintiff requests Judgment in her favor and damages including but not limited to, compensatory damages, punitive damages, damages for physical and emotional pain and suffering, loss of consortium, lost wages, attorney's fees, costs, and any other damages available under the law.

### **Count Four**
### **Federal Tort Claims Act**
### **Negligence**
### **Plaintiff v. Defendant Bradley, Defendant Orner, and John and Jane Doe(s) I-X**

54. Plaintiff incorporates all averments – both preceding and following the instant averment – as if set forth at length herein.

55. Defendants owed a duty of care to Decedent as he was an inmate in the Prison in which they were corrections officers and tasked with his protection.

56. Defendants knew or should have known that Decedent was in danger of attack from other individuals with whom he was housed.

57. Defendants breached their duty of care to Decedent by failing to protect him from those other inmates who posed a threat to him.

58. Defendants knew or should have known that Decedent was unconscious on the floor and in need of medical treatment.

59. Defendants breached their duty of care to Decedent by failing to provide him with timely medical treatment and/or transferring him to medical and/or the hospital.

60. Defendants breached their duty by failing to follow prison policy and conduct the requisite number of rounds on Decedent's block.

61. All of the aforementioned breaches proximately caused the damages complained of herein.

WHEREFORE, Plaintiff requests Judgment in her favor and damages including but not limited to, compensatory damages, punitive damages, damages for physical and emotional pain and suffering, loss of consortium, lost wages, attorney's fees, costs, and any other damages available under the law.

## **Jury Demand**

62. Plaintiff incorporates all averments – both preceding and following the instant averment – as if set forth at length herein

63. Plaintiff demands a jury trial on all issues.

> Respectfully Submitted:
> COMERFORD LAW
>
> */s/ Matthew T. Comerford, Esquire*
> Matthew T. Comerford, Esquire
> matt@comerford.law
> */s/ Curt M. Parkins, Esquire*
> Curt M. Parkins, Esq.
> curt@comerford.law
> Attorneys for Plaintiff
> 538 Biden Street, Suite 430
> Scranton, PA 18503
> 570-880-0777
> 570-880-0476 (fax)