| | | |
|---|---|---|
| LYASIA N. ASHLEY, Administratrix | : | |
| of the ESTATE OF WILLIE LEE GARY, | : | |
|     Plaintiff | : | CIVIL ACTION – LAW |
| | : | |
|     vs. | : | JURY TRIAL DEMANDED |
| | : | |
| UNITED STATES OF AMERICA | : | |
| | : | |
| ERIC BRADLEY | : | 23 CV 1594 |
| | : | |
| CORRECTIONS OFFICER ORNER | : | |
| | : | |
| JEFFREY BARONSKI | : | |
| | : | |
| CRAIG PRICE | : | |
| | : | |
| RYAN SWARTZFAGER | : | |
| | : | |
| RONALD ATCAVAGE | : | |
| | : | |
| ERIC DECKER | : | |
| | : | |
| JEFFREY CONNOR | : | |
| | : | |
| MICHAEL YOUNG | : | |
| | : | |
| JAMES GRIZZANTI | : | |
| | : | |
| RICK BRILL | : | |
|     Defendants | : | |

## AMENDED COMPLAINT

    AND NOW, comes Plaintiff, Lyasia N. Ashley, by and through her counsel, Comerford Law, who files this Amended Complaint, with concurrence of opposing counsel pursuant to Fed. R. Civ. P. 15(a)(2), averring as follows:

## JURISDICTION AND VENUE

1.   This action is brought for violations of Willie Lee Gary's rights protected by the 8th Amendment to the United States Constitution and pursuant to the Federal Tort Claims Act.

2.   Jurisdiction is vested in this Court under the provisions of 28 U.S.C.A. §§ 1331 and 1343.

3.   Venue is proper in the Middle District of Pennsylvania under 28 U.S.C. § 1391(b) because it is where the majority of the parties reside and/or do business and where the events complained of herein occurred.

4.   This action is brought both as a Wrongful Death Action, pursuant to 42 Pa. C.S.A. § 8301, and as a Survival Action, pursuant to 42 Pa. C.S.A. § 8302, and pursuant to the applicable Pennsylvania Rules of Court, Pennsylvania Statutes, and decisional law.

## PARTIES

5.   Plaintiff incorporates all averments – both preceding and following the instant averment – as if set forth at length herein.

6.   Plaintiff, Lyasia N. Ashley, is an adult, competent individual who, at all times relevant to this cause of action, resided in the Eastern District of New York.

7.   On September 8, 2022, Plaintiff was named Administratrix of the Estate of Willie Gary ("Decedent") via Letters of Administration issued by the Wayne County Register of Wills.

8.   Plaintiff brings this action both individually and in her capacity as Administratrix of Decedent's Estate.

9.   Prior to his death on September 28, 2021, Decedent was an adult, competent individual incarcerated at the Federal Correctional Institute at Canaan ("the Prison") in the Middle District of Pennsylvania.

10. Defendant, United States of America, is sued under the Federal Tort Claims Act for injuries sustained by Decedent at its Prison as a result of the acts and failures to act of its employees.

11. Defendant, Eric Bradley ("Defendant Bradley"), was, at all times relevant to this Complaint, the Warden of the Prison and was acting under color of state law in the scope of his employment as an employee of the United States of America.

12. Defendant, Corrections Officer Orner ("Defendant Orner"), was, at all times relevant to this Complaint, a corrections officer at the Prison and was acting under color of state law in the scope of his employment as an employee of the United States of America.

13. Defendant, Jeffrey Baronski ("Defendant Baronski"), was, at all times relevant to this Complaint, a corrections officer at the Prison and was acting under color of state law in the scope of his employment as an employee of the United States of America.

14. Defendant, Craig Price ("Defendant Price"), was, at all times relevant to this Complaint, a corrections officer at the Prison and was acting under color of state law in the scope of his employment as an employee of the United States of America.

15. Defendant, Ryan Swartzfager ("Defendant Swartzfager"), was, at all times relevant to this Complaint, a corrections officer at the Prison and was acting under color of state law in the scope of his employment as an employee of the United States of America.

16. Defendant, Ronald Atcavage ("Defendant Atcavage"), was, at all times relevant to this Complaint, a corrections officer at the Prison and was acting under color of state law in the scope of his employment as an employee of the United States of America.

17. Defendant, Eric Decker ("Defendant Decker"), was, at all times relevant to this Complaint, a corrections officer at the Prison and was acting under color of state law in the scope of his employment as an employee of the United States of America.

18. Defendant, Jeffrey Connor ("Defendant Connor"), was, at all times relevant to this Complaint, a corrections officer at the Prison and was acting under color of state law in the scope of his employment as an employee of the United States of America.

19. Defendant, Michael Young ("Defendant Young"), was, at all times relevant to this Complaint, a corrections officer at the Prison and was acting under color of state law in the scope of his employment as an employee of the United States of America.

20. Defendant, James Grizzanti ("Defendant Grizzanti"), was, at all times relevant to this Complaint, a corrections officer at the Prison and was acting under color of state law in the scope of his employment as an employee of the United States of America.

21. Defendant, Rick Brill ("Defendant Brill"), was, at all times relevant to this Complaint, a corrections officer at the Prison and was acting under color of state law in the scope of his employment as an employee of the United States of America.

22. The Defendants acted willfully, deliberately, maliciously, and/or with reckless disregard for Decedent's constitutional and other legal rights.

23. Defendants engaged in the aforesaid conduct for purposes of violating Defendant's constitutional rights.

## FACTS

24. Plaintiff incorporates all averments – both preceding and following the instant averment – as if set forth at length herein.

25. In and around September 2021, Decedent was an incarcerated inmate at the Prison.

26. At some point on the morning of September 28, 2021, Decedent was the victim of a physical altercation with his cell mate that left Decedent incoherent and injured, requiring medical attention.

27. This altercation occurred at approximately 7:25 a.m., when Decedent entered his cell with his cell mate.

28. During the altercation, the alarm in Decedent's cell was pulled, and a corrections officer – one of the named Defendants – arrived at the cell, finding the cell empty.

29. Despite the fact that this Defendant knew it was Decedent's cell, he never went to find Decedent or make sure Decedent did not require aid when, in fact, Decedent did require aid and medical treatment.

30. At approximately 7:32 a.m. an injured Decedent and other inmates are directed by other inmates into cell 225.

31. At that point, an inmate blockades the door to that cell with a chair on which he then sits, acting as a lookout, and preventing Decedent from escaping.

32. Decedent was again attacked in that cell, suffering injury.

33. This blockade and the danger it posed to Decedent were clear to all Defendants Baronski, Price, Swartzfager, Atcavage, Decker, Connor, Young, Grizzanti, Brill and/or Orner, who watched live on contemporaneous video surveillance and had live, ongoing knowledge of the danger to Decedent and his need for medical attention.

34. Decedent never left the cell alive, as was also witnessed by Defendants Baronski, Price, Swartzfager, Atcavage, Decker, Connor, Young, Grizzanti, Brill and/or Orner.

35. At some point between 7:32 a.m. and 8:02 a.m., in cell 225, as a result of the injuries sustained in both assaults, Decedent collapsed and became unconscious, requiring even more urgent medical assistance.

36. Neither Defendants Baronski, Price, Swartzfager, Atcavage, Decker, Connor, Young, Grizzanti, Brill, Orner, nor any employees of the Prison came to render aid for until approximately 10:30 a.m. despite knowing that aid was required.

37. No Defendants had been physically on the block checking on inmates since 7:27 despite the fact that they were required to do so.

38. To the extent that any of these Defendants did respond to the alarm, they failed to take appropriate action in that they failed to check on Decedent or ensure that Decedent was safe after an alarm had been triggered in his cell.

39. They also failed to conduct a round of the block at the time of the alarm to make sure all inmates were safe.

40. Had they done so, Decedent would have been found, and medical attention would have been able to have been provided.

41. Additionally, the emergency alarm in the cell in which Decedent was injured was nonfunctional, preventing him from calling aid.

42. Defendants and the Prison were aware of the same.

43. Furthermore, over the course of three hours, an inmate blockaded the cell in which Decedent was unresponsive, and this was shown on camera.

44. This did indicate and should have indicated to the aforementioned Defendants, who were watching via live video, that there was a problem.

45. Yet, these Defendants failed to respond.

46. At 10:30 a.m. Defendants Baronski, Price, Swartzfager, Atcavage, Decker, Connor, Young, Grizzanti, Brill and/or Orner were conducting block checks and discovered Decedent dead in that cell, having not exited since he entered at 7:30 a.m.

47. At that time, Decedent had been dead for an extended period of time as his body was already in rigor mortis.

48. At some point between 7:30 and 10:30 – likely closer to 7:30 due to the rigor mortis – Decedent suffered cardiac arrest.

49. Decedent was found with bruises above both eyes, multiple facial and oral lacerations, abrasions, and ecchymoses, and upper-extremity abrasions, evidencing that he had been severely beaten by at least one other inmate.

50. Decedent died from cardiopulmonary arrest subsequent to a physical assault.

51. Prison policy called for corrections officers to conduct rounds at multiple times between 7:30 and 10:30 a.m., at which point discovery of Decedent and his condition would have been inevitable.

52. The Defendants Baronski, Price, Swartzfager, Atcavage, Decker, Connor, Young, Grizzanti, Brill, and/or Orner did not conduct any of these rounds, causing Decedent's death.

53. The actions of all Defendants were undertaken knowingly, intentionally, negligently, recklessly, maliciously, and/or with reckless disregard for Decedent's safety.

54. The actions of all Defendants were undertaken in the absence any valid legal basis.

55. As a result of the foregoing, Decedent suffered injuries including, but not limited to, death, physical pain and suffering, emotional pain and suffering, and lost wages.

56. Plaintiff and Decedent's heirs suffered damages including, but not limited to, emotional pain and suffering and loss of consortium.

57. No claims in this matter accrued until at least January of 2023 because, due to the pendency of a federal investigation, Plaintiff was unable to receive any documentation regarding the cause of Decedent's death and had no reason until that time to know of the actions and inactions of Defendants giving rise to suit in this case.

58. In August 2024, within two years of the accrual of the claims in this case, Plaintiff filed a claim for administrative remedies with the Bureau of Prisons ("BOP") that is still being reviewed.

59. Once the BOP has issued a determination on that matter, Plaintiff will have exhausted her administrative remedies.

## Count One
### *Bivens* Action
### Violation of the Eighth Amendment to the United States Constitution
### Failure to Provide Medical Treatment for Decedent's Serious Medical Needs
### Plaintiff v. Defendants Baronski, Price, Swartzfager, Atcavage, Decker, Connor, Young, Grizzanti, Brill, and Orner

60. Plaintiff incorporates all averments – both preceding and following the instant averment – as if set forth at length herein.

61. Defendants were aware that Decedent suffered from a serious medical condition and was in need of urgent care.

62. Despite this knowledge, Defendants allowed Decedent to remain unconscious and dying on the floor of a cell for three hours.

63. Defendants acted with deliberate indifference toward and deprived Decedent of his Eighth Amendment Right to have his serious medical needs treated, causing Decedent damages including, but not limited to, death.

WHEREFORE, Plaintiff requests Judgment in her favor and damages including but not limited to, compensatory damages, punitive damages, damages for physical and emotional pain and suffering, loss of consortium, lost wages, attorney's fees, costs, and any other damages available under the law.

## Count Two
### *Bivens* Action
### Violation of the Eighth Amendment to the United States Constitution
### Failure to Protect Decedent
### Plaintiff v. Defendants Baronski, Price, Swartzfager, Atcavage, Decker, Connor, Young, Grizzanti, Brill, and Orner

64. Plaintiff incorporates all averments – both preceding and following the instant averment – as if set forth at length herein.

65. Defendants were aware that Decedent was in danger of attack from his fellow inmates.

66. Despite this knowledge, Defendants failed to take any action to protect Decedent.

67. Defendants acted with deliberate indifference toward and deprived Decedent of his Eighth Amendment Right to be free from cruel and unusual punishment and to be protected while incarcerated, causing Decedent damages including, but not limited to, death.

WHEREFORE, Plaintiff requests Judgment in her favor and damages including but not limited to, compensatory damages, punitive damages, damages for physical and emotional pain and suffering, loss of consortium, lost wages, attorney's fees, costs, and any other damages available under the law.

**Count Three**
***Bivens* Action**
**Violation of the Eighth Amendment to the United States Constitution**
**Failure to Protect Decedent And Failure to Provide Medical Attention for a Serious Medical Need**
**Plaintiff v. Defendant Bradley**

68. Plaintiff incorporates all averments – both preceding and following the instant averment – as if set forth at length herein.

69. Defendant Bradley is the chief policymaker at the Prison.

70. Defendant had the responsibility to establish policy for the Prison.

71. Defendant Bradley failed to implement and maintain legal, effective policies; ratified and tolerated improper policies, procedures, and customs; failed to obtain training himself; and failed to send his subordinates for training relating to the protection of and provision of medical treatment for inmates.

72. Plaintiff believes and therefore avers that the need for such training and supervision under the circumstances described in the body of this Complaint was obvious.

73. The need for training was particularly obvious to Defendant given the prior long history of inmate upon inmate violence at the Prison.

74. By the actions and omissions described above, Defendant established and maintained policy which directly caused harm to Decedent with deliberate indifference to consequences.

75. These policies and/or customs evidenced a reckless or callous indifference to the federally protected rights of Decedent.

76. Defendant knew the policies he was setting and maintaining created an unreasonable risk of a constitutional violation.

77. Defendant was deliberately indifferent to that risk.

78. As a direct and proximate result of Defendant's conduct, committed under color of state law, Decedent was deprived of his rights under the 8th Amendment to the United States Constitution.

WHEREFORE, Plaintiff requests Judgment in her favor and damages including but not limited to, compensatory damages, punitive damages, damages for physical and emotional pain and suffering, loss of consortium, lost wages, attorney's fees, costs, and any other damages available under the law.

## Count Four
## Federal Tort Claims Act
## Negligence
## Plaintiff v. United States of America

79. Plaintiff incorporates all averments – both preceding and following the instant averment – as if set forth at length herein.

80. Defendants owed a duty of care to Decedent as he was an inmate in the Prison in which they were corrections officers and tasked with his protection.

81. Defendants knew or should have known that Decedent was in danger of attack from other individuals with whom he was housed.

82. Defendants breached their duty of care to Decedent by failing to protect him from those other inmates who posed a threat to him.

83. Defendants knew or should have known that Decedent was unconscious on the floor and in need of medical treatment.

84. Defendants breached their duty of care to Decedent by failing to provide him with timely medical treatment and/or transferring him to medical and/or the hospital.

85. Defendants breached their duty by failing to follow prison policy and conduct the requisite number of rounds on Decedent's block.

86. Defendants breached their duty by knowing that the alarm in the cell in which Decedent was attacked and remained responsive was broken, stopping Decedent or others from seeking aid.

87. All of the aforementioned breaches proximately caused the damages complained of herein.

     WHEREFORE, Plaintiff requests Judgment in her favor and damages including but not limited to, compensatory damages, punitive damages, damages for physical and emotional pain and suffering, loss of consortium, lost wages, attorney's fees, costs, and any other damages available under the law.

## Jury Demand

88. Plaintiff incorporates all averments – both preceding and following the instant averment – as if set forth at length herein

89. Plaintiff demands a jury trial on all issues.

     Respectfully Submitted:

     COMERFORD LAW
     */s/ Matthew T. Comerford, Esquire*
     Matthew T. Comerford, Esquire
     matt@comerford.law
     */s/ Curt M. Parkins, Esquire*
     Curt M. Parkins, Esq.
     curt@comerford.law
     Attorneys for Plaintiff
     538 Biden Street, Suite 430
     Scranton, PA 18503